IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Earl Rice, ) | |
| ) | Civil Case No. 0:22-218-HMH-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Nanette Barnes, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Reginald Earl Rice ("Rice"), a federal prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, alleging that he is no longer a career offender under the United States Sentencing Guidelines because bank robbery by force or violence does not qualify as a crime of violence. (§ 2241 Pet., generally, ECF No. 1.) In her Report and Recommendation filed on February 22, 2022, Magistrate Judge Gossett recommends dismissing Rice's petition without prejudice and without requiring the Respondent to file a return because Rice cannot establish

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

that a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his sentence under the test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). (R&R 3-4, ECF No. 13.)

Rice filed timely objections to the Report and Recommendation. (Objs., ECF No. 17.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Rice's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Accordingly, after review, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Rice's petition is dismissed without prejudice and without requiring the Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Rice has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

                                                      s/Henry M. Herlong, Jr.
                                                      Senior United States District Judge

Greenville, South Carolina
March 10, 2022

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.